# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| FIVE RIVERS CARPENTERS DISTRICT COUNCIL HEALTH AND WELFARE FUND et al., | | |
| Plaintiffs, | | No. 18-CV-43-LRR |
| vs. | | **ORDER** |
| ALLEN MAX CONSTRUCTION, LLC, | | |
| Defendant. | | |

_____

## *I. INTRODUCTION*

The matters before the court are Plaintiffs Five Rivers Carpenters District Council Health and Welfare Fund, Five Rivers Carpenters District Council Educational Trust Fund, John B. Calacci and Patrick J. Loeffler's (collectively, "Plaintiffs") "Motion for Entry of Default Judgment" ("Motion for Default Judgment") (docket no. 10) and "Motion for Attorney Fees and Costs" ("Motion for Attorney Fees") (docket no. 11) (collectively, "Motions"), which Plaintiffs filed on October 17, 2018.

## *II. PROCEDURAL HISTORY*

On April 18, 2018, Plaintiffs filed a Complaint (docket no. 1). In the Complaint, Plaintiffs allege that Defendant Allen Max Construction, LLC ("AMC") breached provisions of ERISA, a Collective Bargaining Agreement and the Trust Agreement by "fail[ing] to report the work history of its covered employees or pay the required contributions to the Funds from March 2017 through August 2017." Complaint ¶¶ 17-18. On April 26, 2018, AMC was served with a copy of the Complaint. *See* Certificate of Service (docket no. 5) at 2. On May 30, 2018, Plaintiffs filed an Application for Entry of Default (docket no. 6) in light of Defendant's failure to answer or otherwise respond to the Complaint. On that same date, the Clerk of Court entered default. *See* Default Entry

(docket no. 8). On October 17, 2018, Plaintiffs filed the Motions. Defendant has not filed any responsive pleading.

## III. FACTUAL BACKGROUND

Pursuant to a Collective Bargaining Agreement, AMC was required to make contributions to the Five Rivers Carpenters District Council Health and Welfare Fund of Iowa and the Five Rivers Carpenters District Council Education Trust Fund (collectively, "Funds") on behalf of certain of its covered employees. Complaint ¶¶ 4, 9. "Under the Collective Bargaining Agreement, AMC was required to []report and remit continuing and prompt contributions to the Funds." *Id*. ¶ 11. "AMC failed to report the work history of its covered employees or pay the required contributions to the Funds from March 2017 through August 2017." *Id*. ¶ 17. AMC has further failed to perform its statutory and contractual obligations with respect to reporting contributions to the Funds and has neglected and refused to pay the amounts that are due. *Id*. ¶ 19.

## IV. ANALYSIS

### A. *Liability*

The Clerk of Court entered a default against AMC pursuant to Federal Rule of Civil Procedure 55(a). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment may be entered as follows:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Because AMC failed to answer or otherwise defend the action, it is deemed to have admitted the well-pleaded allegations of the Complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). Consequently, AMC's liability to Plaintiffs is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint[,] except as to the amount of damages[,] are taken as true." (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, 85-86 (1958))). The Complaint alleges that AMC failed to make required payments pursuant to the Collective Bargaining Agreement and the Funds' Trust Agreements. For purposes of this Order, these allegations are established as true. *See id.*

### B. Damages

"[W]hen a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not

considered an admission of damages."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Sec.*, 183 F.3d at 155).

"[I]n civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). A plaintiff must prove its damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming the district court's decision not to award damages after a default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence"). The court must afford the plaintiff all reasonable inferences from the evidence offered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

The court may award damages upon entering a default judgment without an evidentiary hearing only if the amount requested is a "sum certain," meaning "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003), *cited with approval in Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008). The fact that a complaint makes a demand for a specific dollar amount is insufficient to make it a claim for a sum certain. *See KPS & Assocs.*, 318 F.3d at 20 n.9. However, a court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

After thoroughly reviewing the record, the court finds that Plaintiffs' claim is for a sum certain and an evidentiary hearing is not warranted. *See KPS & Assocs.*, 318 F.3d at 19-20 (noting that sum certain claims can include actions on money judgments, negotiable instruments or other similar situations where damages can be determined without extrinsic evidence). Shelley Vandraska, the office manager of the third party

4

administrator for the Funds, avers that AMC's reports and contributions are past due and are delinquent in the amounts of $27,976.22 for the Five Rivers Carpenters District Council Health and Welfare Fund and $1,855.38 for the Five Rivers Carpenters District Council Education Trust Fund. *See* Affidavit in Support of Motion for Default Judgment (docket no. 10-1) at 2. The Collective Bargaining Agreement also provides for liquidated damages in the amount of 10% of the amounts due. *See* Collective Bargaining Agreement (docket no. 10-2) at 3. Plaintiffs' attorneys, Joseph Day and John Sexton, aver that Plaintiffs have incurred the additional costs of $400.00 in filing fees, $91.68 in service of process fees, $120.00 filing fee with the Iowa Secretary of State and $1,540.00 in attorney fees in bringing this action. *See* Itemization of Services (docket no. 11-3) at 1.

The court finds that Plaintiffs have proven their damages by a preponderance of the evidence, and the court shall award Plaintiffs the following amounts: (1) $27,976.22 for the Five Rivers Carpenters District Council Health and Welfare Fund of Iowa with interest thereupon at the rate of 10% per annum from August 15, 2017; (2) $1,855.38 for the Five Rivers Carpenters District Council Education Trust Fund with interest thereupon at the rate of 10% per annum from August 15, 2017; (3) $2,797.62 for the Five Rivers Carpenters District Council Health and Welfare Fund of Iowa for liquidated damages; (4) $185.54 for the Five Rivers Carpenters District Council Education Trust Fund for liquidated damages; (5) $1,540.00 in attorney fees; (6) $400.00 in federal court filing fees; (7) $120.00 in filings fees with the Iowa Secretary of State; and (8) $91.68 in service of process fees.

## V. *CONCLUSION*

In light of the foregoing, the Motion for Default Judgment (docket no. 10) and Motion for Attorney Fees (docket no. 11) are **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiffs and against AMC in the amount of **$34,966.44**, plus interest on the loan principal amounts from August 15, 2017, until paid.

**IT IS SO ORDERED.**

**DATED** this 24th day of October, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6